IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DEBORAH ORLANDO COONEY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 09 C 1920 |
| **RHONDA CASADY, ANDREW SOSNOWSKI, and LESLEY MAGNABOSCO,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, has brought suit against two attorneys, defendants Casady and Sosnowski, who represented the Department of Children and Family Services ("DCFS") during plaintiff's administrative appeal of state court proceedings relating to custody of her children, and a court reporter, defendant Magnabosco, who plaintiff claims was responsible for alterations in the official transcripts of those proceedings. On September 11, 2009, I denied defendants' motions to dismiss. *Cooney v. Casady*, 652 F. Supp. 2d 948, 950 (N.D. Ill. 2009). Defendants have moved for reconsideration, arguing that I should alter my opinion based on a recent Seventh Circuit opinion, *Cooney v. Rossiter, et al.*, 583 F.3d 967 (7th Cir. 2009). For the reasons that follow, defendants' motion to reconsider is denied.

In my September 11, 2009 opinion, I concluded, among other things, that plaintiff stated a claim for civil conspiracy under 28

U.S.C. § 1983. In so holding, I rejected defendants' assertion that plaintiff must plead a "meeting of the minds" under controlling Seventh Circuit caselaw. *Casady*, 652 F. Supp. 2d at 958. Further, I concluded that plaintiff met applicable pleading requirements by indicating "'the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with.'" *Id*. (quoting *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)).

In their motions to reconsider, defendants point to the recent *Cooney* opinion in an effort to convince me to alter my original conclusion. *Cooney* is a case involving the same plaintiff as in this case, and springs, generally speaking, from the same custody battle. In *Cooney*, plaintiff brought a § 1983 action against the judge in the child custody proceedings, the court-appointed representative of the children, her ex-husband's attorney, the court-appointed psychiatrist for the children, and the therapist for the children, alleging a conspiracy to deprive her of her constitutional rights. 583 F.3d at 969. The district court granted defendants' motion to dismiss and the Seventh Circuit affirmed. *Id*. at 969, 972. In so ruling, the Seventh Circuit concluded that the complaint, while "otherwise detailed," was "bereft of any suggestion, beyond a bare conclusion" that the non-state actors conspired with the state actors. *Id* at 971. The only fact establishing a conspiracy among the defendants was

2

plaintiff's statement that "Bischoff and Dr. Lyle Rossiter, with the aid of Judge Nordquist, Dan Cain, and Brian Klaung continued the ongoing violations of Plaintiff, Deborah's Constitutional rights." *Id*. This, in light of the heightened pleading standards for conspiracy claims in the Seventh Circuit, was "too vague" to withstand defendants' motion to dismiss. *Id*.

Having reviewed the *Cooney* complaint, as well as the Seventh Circuit's opinion, I do not conclude that my original conclusion needs to be amended. While plaintiff's *Cooney* complaint (at forty-five single spaced pages) was extremely detailed, plaintiff's only attempt to plead the facts surrounding the conspiracy involved a single conclusory sentence in which she claimed that the defendants "continued the ongoing violations" of plaintiff's constitutional rights. In this case, she has done more. After concluding that defendants Casady and Sosnowski conspired to deprive her of her constitutional rights, she provides more detailed and descriptive facts which serve to put the defendants on notice of the claim against them. For example, she states that defendant Magnabosco, a DCFS court reporter, "joined the conspiracy by acting in concert with Casady and Sosnowski to change, misrepresent and omit witness testimony and counsel's representations, statements, and arguments so that the DCFS's official record would reflect more unfavorably upon [plaintiff]." Compl. ¶ 1. Reading the complaint liberally in light of plaintiff's *pro se* status, *see*, *e.g.*, *Pearle Vision, Inc.*

3

*v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), plaintiff further alleges that Sosnowski conspired with Casady by continuing the efforts undertaken by Casady to allegedly cover-up the "falsity of Rossiter's evaluation and of Coffey's one-sided, incomplete and improper investigation," and delay plaintiff's appeal. Compl. ¶ 19. These facts are sufficient to meet the pleading requirements for a conspiracy claim in the Seventh Circuit. *Hoskins*, 320 F.3d at 764 (stating that a plaintiff alleging a § 1983 conspiracy need only indicate "the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with").

In light of the above, defendants' motion for reconsideration is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 21, 2010