IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH ORLANDO COONEY,            )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )   No. 09 C 1920
RHONDA CASADY, ANDREW SOSNOWSKI, and )
LESLIE MAGNABOSCO,                 )
                                   )
        Defendants.                )
                                   )
                                   )

## MEMORANDUM OPINION AND ORDER

In this case, plaintiff Deborah Orlando Cooney ("Cooney" or "plaintiff") filed a two-count complaint against two attorneys, defendants Rhonda Casady and Andrew Sosnowski, who represented the Department of Children and Family Services ("DCFS") during plaintiff's administrative appeal relating to the custody of her children. Plaintiff alleges that Casady and Sosnowski conspired with court reporter Leslie Magnabosco, who plaintiff claims altered, at the direction of Casady and Sosnowski, the official transcripts of those proceedings. Count I alleges that the defendants conspired to deprive plaintiff of her due process rights under 42 U.S.C. § 1983. Count II alleges a state law claim for intentional infliction of emotional distress. Defendants have now moved for summary judgment. For the reasons that follow, that motion is granted.

## I. Background

After plaintiff was awarded sole custody of her two children, her ex-husband filed a petition for change of custody. Defs.' Statement of Undisputed Material Fact ("Defs.' SF") ¶¶ 1, 2. After a therapist treating plaintiff's children reported abuse to DCFS, DCFS instituted an administrative proceeding against plaintiff. *Id*. ¶ 4. The DCFS investigator assigned to plaintiff's case indicated a finding of mental injury against plaintiff. *Id*. ¶ 6. Plaintiff then filed an administrative appeal of the DCFS indicated finding. *Id*. ¶ 7. Defendants Casady and Sosnowski represented DCFS during the administrative appeal. *Id*. ¶ 9. Plaintiff's appeal ultimately was assigned to Administrative Law Judge ("ALJ") Daniel Baechle. *Id*. ¶ 10. The proceedings in plaintiff's appeal were recorded by ALJ Baechle on a small microcassette tape recorder. *Id*. ¶ 11. Plaintiff retained a private court reporter to transcribe the appeal hearing (the "Fishman transcripts"). *Id*. ¶ 13. Plaintiff's administrative appeal was denied by DCFS, based upon the findings and recommendation of Judge Baechle. *Id*. ¶ 14. After the denial of plaintiff's administrative appeal, plaintiff filed an action for administrative review in the Circuit Court of Cook County. *Id*. ¶ 15.

At the time she transcribed plaintiff's appeal hearing, Magnabosco was an independent contractor working for Benedia

Certified Court Reporting. Pl.'s Statement of Additional Fact ("Pl.'s SAF") ¶ 8. After the administrative review was filed by plaintiff, Magnabosco, who was not a certified shorthand reporter, prepared transcripts (the "Magnabosco transcripts") of the appeal by listening to the recordings of the hearing on the microcassettes. Defs.' SF ¶ 16.

## II. Discussion

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party shows that there is no genuine issue of material fact, the burden of proof shifts to the nonmoving party to designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

To establish a § 1983 conspiracy, plaintiff must prove that: "(1) a state official and private individual(s) reached an understanding to deprive the plaintiff of [her] constitutional rights, . . . and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Plaintiff's theory is that the three defendants conspired to alter the official record from the appeal hearing in order to increase the chances that the DCFS

finding that plaintiff had abused her children would be sustained. Defendants argue that plaintiff's theory is based solely on speculation, and no reasonable jury could conclude, based on differences between the Magnabosco transcript and the Fishman transcript (the transcript plaintiff procured), that the defendants conspired to deprive her of her due process rights. I agree.

When a plaintiff claims that defendants conspired to violate her civil rights, she must proffer specific facts tending to show that a conspiracy existed to survive a summary judgment motion; conclusory allegations will not suffice. *Stagman v. Ryan*, 176 F.3d 986, 1003 (7th Cir. 1999). While a conspiracy may be inferred through circumstantial evidence, the circumstantial evidence must be "sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Green v. Benden*, 281 F.3d 661, 665-66 (7th Cir. 2002).

Here, plaintiff has put forward no direct or sufficient circumstantial evidence of a conspiracy between attorneys Casady and Sosnowski, and the court reporter, Magnabosco. Defendants have put forward undisputed evidence that neither Casady nor Sosnowski ever met Magnabosco, ever spoke to Magnabosco, or had any kind of communication with her whatsoever. Plaintiff's assertions that Casady and Sosnowski *could* have known Magnabosco's identity and contacted her is not supported by any evidence that they did so.

4

In an attempt to bolster her claim of conspiracy, plaintiff asserts that certain differences between Magnabosco's transcripts and the Fishman transcripts support an inference that the three defendants conspired to alter the official transcripts. Plaintiff posits that because Magnabosco herself was not a medical professional (and thus would not have known which parts of the testimony to alter), she must have been coached by Casady and Sosnowski. Plaintiff argues that a jury should decide if discrepancies between the two transcripts were the result of human errors or evidenced a conspiracy between the three defendants.

Having reviewed all portions of the two transcripts highlighted by plaintiff in Exhibit 3,[1] I conclude that the transcript differences are not sufficient evidence from which a reasonable jury could find a conspiracy between the three defendants. First of all, I must acknowledge the different circumstances surrounding the two transcriptions. On the one hand, the court reporter transcribing the Fishman transcripts was present during the hearing. Conversely, Magnabosco, who was not a certified shorthand reporter, transcribed the hearing by listening to the microcassette recordings. Plaintiff points to many instances (15 out of the 30 discrepancies she identifies in Exhibit

---

[1] While plaintiff seems to suggest at times that she has more examples of discrepancies, she has failed to highlight any beyond those she identifies in her Exhibit 3. Therefore, I will only consider the discrepancies in Exhibit 3.

5

3) in which Magnabosco indicated that certain portions of testimony were "inaudible," which is entirely reasonable given the circumstances under which she was providing transcription. Plaintiff has provided no evidence that these sections of the tapes were, in fact, discernable.[2] Although plaintiff points to instances in the Magnabosco transcripts where she claims testimony was intentionally left out, in many cases the missing testimony was provided by the witness on a different page of the transcript. Likewise, I agree with defendants that Fishman's transcripts contain testimony, not present in Magnabosco's transcripts, which is prejudicial to plaintiff. Plaintiff's suggestion that this too was part of the conspiracy strains all credibility and is simply not believable.

Plaintiff makes much of the fact that, in transcribing Casady's opening statement, Magnabosco's transcript has Casady describing a "physical injury based on the [son's] *factitious* legions" while the Fishman transcript reports Casady describing "physical injury based on the [son's] *fictitious* lesions." Pl.'s

---

[2] In responding to Defs.' SF ¶ 17, plaintiff claimed that "an independent court reporter listened to the same tapes and did not find any of the recordings inaudible, and his transcripts were substituted in the record in Plaintiff's action for administrative review in place of Magnabosco's transcripts." In support, plaintiff cites to Tab 8 attached to her statements of additional fact. The document plaintiff relies on does not support her assertion, and the facts show that the court reporter responsible for the Fishman transcripts was actually present during the hearings. Pl.'s SAF ¶ 1; Defs.' SF ¶ 13. Therefore, plaintiff's assertion is rejected as unsupported.

Ex. 3 (emphasis added). According to plaintiff, Magnabosco changed "fictitious" to "factitious" (a medical term meaning self-induced) to bolster the case against her. This argument is not credible. I note the obvious fact that the words sound alike, and Magnabosco had no background in medical terminology. Further, it seems most likely that Magnabosco was correct in reporting "factitious" as Casady was prosecuting a case in which the DCFS contended that lesions on plaintiff's son were self-induced. These two words sound so similar that no reasonable jury could conclude that this alleged transcription error is evidence of a conspiracy to deprive plaintiff of her constitutional rights.

Taking all these discrepancies together (and I have reviewed all of those listed in Exhibit 3 in detail), I cannot conclude that these discrepancies are sufficient to prove a conspiracy, especially given the circumstances under which the Magnabosco transcripts were created (via microcassette tapes) and, most importantly, when there is no evidence that the three defendants ever met or communicated with each other. Based on this evidence, no reasonable jury could conclude that the defendants conspired together to alter the official transcript.

Defendants also argue that plaintiff's other allegations of misconduct by Casady and Sosnowski are insufficient to survive summary judgment. According to defendants, plaintiff's complaint mentioned discovery disputes, delays in scheduling a deposition,

7

the amendment of the indicated finding, and "unprofessional, uncivil, and inappropriate conduct" by Casady. Defs.' SF ¶ 39. In anticipating what her arguments might be in response, defendants contend that these accusations do not rise to the level of a constitutional violation.

In her response, plaintiff argues only two things: (1) that I already allowed this claim to survive a motion to dismiss; and (2) that defendants mischaracterize the nature of her claim by arguing that she is seeking damages for delay of the underlying DCFS administrative hearing, without acknowledging that she is also seeking damages related to the delay in her circuit court case.

Plaintiff is correct that I ruled that her § 1983 conspiracy claim survived defendants' motion to dismiss. Construing her complaint liberally, I noted that she alleged that Casady engaged in misconduct, including various dilatory tactics, which misconduct was then continued by Sosnowski, and which ultimately culminated in the alterations of the Magnabosco transcripts. Taken as a whole, I concluded that the allegations of plaintiff's § 1983 claim were sufficient to withstand defendants' motion to dismiss. However, I never concluded that any one part of those allegations, on its own, was sufficient to state a claim. As explained above, I have concluded that there is insufficient evidence to prove plaintiff's central premise that defendants conspired to deprive plaintiff of her due process rights by altering the official transcripts.

Therefore, that part of plaintiff's claim has been rejected. Defendants argue that they are entitled to summary judgment because the remaining allegations underlying the claim are insufficient to prove a constitutional injury. Other than her inaccurate claim that I already ruled against defendants, Plaintiff presents no argument to counter this. She presents no evidence whatsoever with respect to these allegations and makes no attempt to present any legal argument laying out the basis for this part of her § 1983 conspiracy claim. It is not the job of the court to make arguments for the parties. I conclude that plaintiff has waived any argument in opposition to defendants' motion for summary judgment on this part of her § 1983 claim.[3] *See Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (perfunctory and undeveloped arguments are waived).

Without any evidence of misconduct on defendants' part, I easily conclude that plaintiff's intentional infliction of emotional distress claim, which is based on the same conduct underlying her § 1983 claim, fails. She has no proof of any conduct by defendants that was "extreme and outrageous." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003) (under Illinois law,

---

[3] While, in her response, plaintiff clarifies that she seeks damages related to the delay in the circuit court case, she does not offer any argument or evidence that the remaining misconduct she attributes to Casady and Sosnowski (i.e., the alleged misconduct other than the alleged alteration of the transcript) is sufficient by itself to state a § 1983 conspiracy claim.

claim for intentional infliction of emotional distress requires proof of "extreme and outrageous" behavior).

## III. Conclusion

For all the foregoing reasons, defendants' motion for summary judgment is granted.[4]

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 28, 2010

---

[4] Defendants also argue that plaintiff's claim is moot. In light of the fact that plaintiff has made clear that she continues to be injured by the delay caused in the administrative and circuit court proceedings, I reject defendants' argument.

10