# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1920 | **DATE** | 3/21/2011 |
| **CASE TITLE** | Deborah Orlando-Cooney vs. Casady, et al. | | |

**DOCKET ENTRY TEXT**

Defendants Casady, Sosnowski and Magnabosco's motion for fees and costs pursuant to 42 U.S.C. 1988 and Rule 11 (219) is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendants seek sanctions arguing that plaintiff's lawsuit was frivolous and that plaintiff filed this lawsuit to harass the defendants. They argue they are entitled to: (1) their attorneys' fees under 42 U.S.C. § 1988, which allows prevailing defendants to recover attorneys' fees if the litigation was frivolous, *see Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); and (2) fees and costs pursuant to Rule 11, which authorizes sanctions for filings submitted without a reasonable investigation or for filings submitted for an "improper purpose." Fed. R. Civ. P. 11; *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 807-08 (7th Cir. 2003). Unfortunately, defendants have done a poor job of separating out their arguments, and the court has done its best to determine which arguments fall under each of these two bases.

While a prevailing plaintiff is awarded attorneys' fees as a matter of course, a prevailing defendant may be awarded attorneys' fees pursuant to § 1988 only if the court finds that plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. The Supreme Court in *Christiansburg* created this distinction "between a prevailing plaintiff and a prevailing defendant in order to implement the powerful public policy interest in vindicating civil rights by private 'attorneys general' and to avoid any chilling effect which the award of attorney fees against losing plaintiffs might have on such claims." *Batteast Const. Co., Inc. v. Henry County Bd. of Commissioners*, 202 F. Supp. 2d 864, 866 (S.D. Ind. 2002). As a result, "the standard of 'frivolous, unreasonable, or groundless' has been interpreted to involve an 'egregious case of misconduct.'" *Id*. (quoting *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001)). On the other hand, even defendants in civil rights cases have a right to be protected from "burdensome litigation having no legal or factual basis." *Christiansburg*, 434 U.S. at 420. According to the Seventh Circuit, "[t]here is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success. As the courts have interpreted § 1988, it is only the latter that permits defendants to recover attorney's fees." *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999).

# STATEMENT

With these principals in mind, I must determine whether plaintiff's complaint was "frivolous, unreasonable, or groundless." Plaintiff filed her complaint alleging that defendants Casady, Sosnowski and Magnabosco conspired to deprive her of her constitutional due process rights by acting in concert to alter or omit witness testimony so that the DCFS official record would read more favorably for the state. In her deposition, Cooney stated that she, her parents and two attorneys reviewed the two transcripts at issue here, noted all differences between the two transcripts, and concluded that the differences could only exist if changes had been done intentionally. Cooney Dep. at 403, 406. Cooney characterized the "changes in the transcripts" as the "whole crux of the case I filed." *Id*. at 141, 191. Cooney admitted that she had no direct evidence that Magnabosco ever communicated with Casady or Sosnowski. Ans. to Magnabosco First Req. to Admit at ¶¶ 10, 11. She admitted that her only evidence that defendants conspired to alter the DCFS hearing transcripts was her own analysis of the two transcripts. Cooney Dep. at 208. Relying on the differences between the two transcripts, Cooney concluded that the "only way" Magnabosco would have known which changes to make (i.e., those which would have negatively impacted Cooney's case) was if Casady and Sosnowski fed her the changes. *Id*. at 197.

This was an extremely close call, but while I conclude that plaintiff's complaint was meritless, I do not conclude that it was frivolous. Plaintiff did engage in some, albeit limited, investigation into this matter by engaging in a word-for-word comparison of the two transcripts. Ultimately, this evidence was not sufficient to support a finding of a conspiracy between the two attorneys and the court reporter. In the end, while this case was certainly "weak . . . with little chance of success," I do not conclude that it was "frivolous . . . with no chance of success." *Khan*, 180 F.3d at 837. Defendants also argue that I should conclude that plaintiff "continued to litigate after [the case] clearly became [frivolous]" because she failed to dismiss the complaint after discovery was completed. Once again, this is a very close call, but ultimately I reject that argument, relying primarily on the fact that plaintiff had the transcript comparison, which she pointed to as "proof" of the conspiracy. In the end, that "proof" was insufficient to survive defendants' motion for summary judgment, but this is not a case where plaintiff had nothing whatsoever to support her claims.

Turning to Rule 11, Rule 11 authorizes a district court to impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper purpose or without a reasonable investigation of the facts and law necessary to support their claims. *See* Fed. R. Civ. P. 11(b); *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir. 2001). Here, defendants purport to rely on both grounds.

To the extent defendants argue for sanctions based on the fact that Cooney failed to adequately investigate this matter before she filed the instant lawsuit, I decline to award sanctions for the reasons given above. Turning to the "improper purpose" clause of Rule 11, defendants argue that I should award sanctions because plaintiff brought this lawsuit for the "improper purpose" of harassing and harming defendants. Defendants note that plaintiff filed ten lawsuits against various parties involved in the state court custody proceedings. However, defendants have failed to put forward evidence that any of those ten lawsuits were deemed frivolous by the judges hearing them. Nor have they provided enough information about those lawsuits to allow me to make such a determination. Given this lack of evidence, I cannot conclude that plaintiff has a "history of filing frivolous lawsuits" as defendants urge me to do. In addition, I reject defendants' argument that the Seventh Circuit drew any conclusion with respect to plaintiff's lawsuit, *Cooney v. Rossiter, et al.* In *Cooney v. Rossiter, et al.*, 583 F.3d 967 (7th Cir. 2009), the Seventh Circuit affirmed the district court's dismissal because Cooney failed to provide sufficient allegations to support her conspiracy allegations. The court noted that her case "*may* be paranoid pro se litigation," 583 F.3d at 971 (emphasis added), and therefore the defendants should not be forced to engage in discovery without additional allegations supporting the conspiracy. I do not read this language as making any conclusions regarding the alleged frivolousness of Cooney's suit against Rossiter and others. In the end, defendants have failed to provide me with anything but their own say-so that Cooney filed this case to harass

| STATEMENT |
|---|
| and harm them. This is insufficient to justify the awarding of Rule 11 sanctions against Cooney.<br><br>For all these reasons, I decline to award fees under § 1988 or fees/costs under Rule 11. |
| |